[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14347
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cr-20183-JAL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE ALIPIO PEREZ VILLA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 25, 2014)

Before CARNES, Chief Judge, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Jorge Alipio Perez Villa appeals his 47-month sentence, imposed after he pleaded guilty to one count of healthcare fraud, in violation of 18 U.S.C. § 1347. He contends that even though the government did not request a one-point offense level reduction under U.S.S.G. § 3E1.1(b), the district court erred by not granting him one.[1]

## I.

Perez Villa and the government entered into a written plea agreement that specifically addressed "Acceptance of Responsibility."  The agreement provided:

> Upon compliance with Paragraph 8 hereto, the defendant's offense level shall be decreased by three (3) levels pursuant to [U.S.S.G.] Sections 3E1.1(a) and 3E1.1(b) because the defendant has clearly demonstrated acceptance of responsibility for his offense and assisted authorities in the investigation and prosecution of his own misconduct by notifying authorities of his intention to enter a plea of guilty.

Paragraph 8, the part of the agreement that Perez Villa was required to comply with in order to trigger the government's obligation to move for an acceptance of responsibility reduction, stated:

> [The government] agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of responsibility.  If at the time of sentencing the defendant's offense level is determined to be 16 or greater, [the government] will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing

---

[1] Perez Villa also contends that the sentence appeal waiver provision in his written plea agreement is invalid.  That issue is moot.

Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct . . . . [The government] further agrees to recommend that the defendant be sentenced at the low end of the guideline range, as that range is determined by the Court.  [The government], however, will not be required to make this motion and these recommendations if the defendant:  (1) fails to make a full, accurate and complete disclosure to [the government] and/or the probation office of the circumstances surrounding the relevant offense conduct, including the whereabouts of the proceeds of the crime; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any government entity or official.

(emphasis added).

At his plea hearing, Perez Villa acknowledged that his lawyer had read the written plea agreement to him and that he had understood and signed it.  The district court discussed the agreement and its terms in detail, telling Perez Villa that "[u]pon compliance with Paragraph 8, your offense level should be decreased by three levels."

The presentence investigation report determined that Perez Villa's base offense level was 6.  See U.S.S.G. § 2B1.1(a)(2) (Nov. 2005).  The PSR applied an 18-level increase under U.S.S.G. § 2B1.1(b)(1)(J) because the amount of loss was between $2,500,000 and $7,000,000.  Because Perez Villa had not yet provided an acceptance of responsibility statement, the PSR did not apply any reduction for acceptance of responsibility.  With a total offense level of 24 and a criminal history

category of I, the PSR calculated his guidelines range to be 51 to 63 months imprisonment. Perez Villa later provided an acceptance of responsibility statement, but the PSR still did not recommend any acceptance of responsibility reduction because Perez Villa had failed to identify his "recruiter" in the fraud scheme.

Before his sentence hearing, Perez Villa objected to the PSR, contending that he was entitled to the three-level reduction because he had submitted a truthful and detailed acceptance of responsibility statement. He stated that he was "unable to identify the name of his recruiter because he never met that person face-to-face." Instead, he had been "contacted by telephone and selected to participate in the scheme . . . because he had a reputation as someone who would be willing to commit fraud." He also argued that his recruiter would not have wanted to be known to him and that the government's skepticism about his disclosures should not undermine his entitlement to a three-level reduction.

At the sentence hearing the government responded to Perez Villa's objection, arguing that his claim that he was recruited into a multi-million dollar fraud scheme by an unknown person over the telephone was not credible. The government stated:

> The Defendant was basically entrusted with over $3 million of fraud in several bank accounts. He was the sole signer and the only person who had access to that money.

4

So I can't fathom a scenario where somebody who doesn't know this Defendant is entrusting him with millions of dollars and says with a wink and a nod — not a handshake, because they never actually met — but, You'll put your name on it but you'll give me not just some of the proceeds, but the lion's share of the proceeds, and you'll drop it off in some mailbox that I designate to you.

The government went on to argue:

I would submit to the Court that he does know exactly who that person is.  He doesn't want to tell us because he either is going to continue to be supported by this individual or it was a family member that he's protecting.

The other part of his acceptance statement that also does not ring true is the fact that he claims that this recruiter, who he doesn't know, also told him to get out of town and to — and paid for some of his hotels while he was gallivanting around Central America on the Government's dime.

Why would a recruiter pay for his hotel expenses?  Why?  Because — normally, to buy loyalty:  You're not going to flip on me. You're not going to tell the Government that we're involved in this criminal enterprise.

But according to the Defendant, he didn't know the recruiter from Adam, couldn't pick him out of a lineup.  So that recruiter would have absolutely no incentive to pay for his hotel expenses because this Defendant, according to him, could never identify him.

Rejecting the government's § 3E1.1(a) argument, the court found that Perez Villa had "provide[d] voluntary assistance to at least provide the information that he ha[d] as to where the monies went," and it granted him a two-level reduction for acceptance of responsibility on that basis.  The government declined to move for

the additional one-level reduction under § 3E1.1(b), however, based on Perez Villa's failure to identify his recruiter.

Perez Villa argued that his timely guilty plea entitled him to the additional one-point reduction under § 3E1.1(b).  The government responded that based on Paragraph 8 of the plea agreement, it was not required to move for an offense level reduction because Perez Villa had failed to fully disclose the circumstances surrounding the offense, including the location of the proceeds.

The court found that, "based on upon the plea agreement between the parties, and additionally 3E1.1(b), that the government can — has good cause to not make the motion.  It is not in violation of the plea agreement, nor is it in violation of §3E1.1(b)."  Based on a revised total offense level of 22, Perez Villa's guidelines range was 41 to 51 months imprisonment.  The court sentenced him to 47 months imprisonment and ordered him to pay $616,710 in restitution.

## II.

Perez Villa contends that his sentence is procedurally unreasonable because the district court should have granted him a reduction under § 3E1.1(b) and calculated his guidelines range accordingly.[2]  Under § 3E1.1(b), if a defendant qualifies for § 3E1.1(a)'s two-level acceptance of responsibility reduction and he

---

[2] If the district court had applied that one-level reduction, despite the government's decision not to request it, Perez Villa's adjusted offense level would have been 21 and his resulting guidelines range would have been 37 to 46 months.

6

has an offense level of 16 or higher before that reduction is applied, he is eligible for another one-level reduction in his offense level.  U.S.S.G. § 3E1.1(b).  He is eligible for that reduction, however, only "upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently."  Id. The commentary to § 3E1.1(b) provides, "Because the Government is in the best position to determine whether the defendant has assisted authorities in a manner that avoids preparing for trial, an adjustment under subsection (b) may only be granted upon a formal motion by the Government at the time of sentencing."  Id. § 3E1.1 cmt. n.6 (emphasis added).

In the present case, the plea agreement expressly gave the government discretion to decline to seek any reduction based on acceptance of responsibility if Perez Villa "fail[ed] to make a full, accurate and complete disclosure to [the government] and/or the probation office of the circumstances surrounding the relevant offense conduct, including the whereabouts of the proceeds of the crime." Perez Villa has pointed to no authority to establish that that provision is invalid or unenforceable.  Based on the provision, and the particular facts and circumstances of this case, the government chose not to move for the § 3B1.1(b) one-level

reduction.  The plea agreement gave the government the authority to decide not to move for it, and the facts and circumstances of the case clearly supported its decision.  In the absence of a motion by the government, the district court correctly declined to apply the additional one-level reduction.  See  id. § 3E1.1 cmt. n.6.

**AFFIRMED.**